**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE VICTOR ESTRADA CRUZ,<br>Petitioner,<br>v.<br>DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br>Respondents. | Case No. 5:26-cv-04289-SP<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITION** |

**I.**

**INTRODUCTION**

On July 30, 2026, petitioner Jose Victor Estrada-Cruz, a federal immigration detainee proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner was being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California. Petitioner contends his detention violates the Immigration and Nationality Act ("INA") under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his right to procedural

due process under the Fifth Amendment. Petitioner seeks immediate release from immigration custody.

On August 6, 2026, respondents filed an Answer to the Petition. Docket no. 10. Petitioner filed a Reply on August 21, 2026. Docket no. 12.

For the reasons discussed below, petitioner has shown his detention violates *Zadvydas*. The court therefore grants the Petition and issues a writ of habeas corpus requiring petitioner's immediate release from immigration custody.

**II.**

**BACKGROUND**

Petitioner is 44-year-old native and citizen of Mexico. Pet. at 9.[1] Petitioner entered the United States in 1999 without inspection and has continuously lived here since then. *Id.* at 9-10. Petitioner is transgender and was sexually abused in Mexico. *See id*. Petitioner has an extensive criminal history from 2003-2016, primarily consisting of drug related crimes. *See* Answer at 2-5, Ex. 1.

On an unknown date, petitioner was placed into removal proceedings. *See* Pet. at 16; Answer, Ex. 1. The immigration court granted petitioner withholding of removal either in 2004 or 2007. *See* Pet. at 16; Answer, Ex. 1. Petitioner received work authorization. Pet. at 16.

On November 14, 2016, the immigration court reopened removal proceedings based on petitioner's December 2015 conviction for drug trafficking. *See* https://acis.eoir.justice.gov/en/; Answer, Ex. 1. On May 9, 2017, an immigration judge ordered petitioner to be removed. *See* https://acis.eoir.justice.gov/.

In or around September 2025, ICE officers detained petitioner upon his release from Orange County jail. *See* Pet. at 12. Petitioner has been detained since his arrest without any proceedings. *Id*. Petitioner alleges there is no significant likelihood of his removal in the reasonably foreseeable future. *Id.*

---

[1] Citations to the Petition refer to the CM/ECF designated page numbers.

## III.

## DISCUSSION

Petitioner raises two claims for relief, that his indefinite detention violates the INA as interpreted by *Zadvydas* and due process under the Fifth Amendment. Pet. at 12-13. Respondents oppose petitioner's release due to his criminal history, but respondents do not address petitioner's claims. *See* Answer at 2-5.

### A. This Court Has Jurisdiction Over the Claims in the Petition

A federal district court may issue a writ of habeas corpus when a petitioner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, petitioner argues he should be released from respondents' custody because his indefinite detention violates the INA and the Due Process Clause of the Fifth Amendment. *See* Pet. at 12-13. He has therefore properly invoked this court's habeas jurisdiction.

The INA contains several provisions that limit judicial review of immigration-related matters, including most notably 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g). While § 1252(g) strips the court of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," the Supreme Court has clarified that the language of § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions," but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). The applicability of § 1252(b)(9), which works in conjunction with § 1252(a)(5) to channel certain immigration-related matters to the Courts of Appeals, has been limited in similar fashion. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (citation omitted); *see also Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788,

810-11 (9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention . . . are independent of the removal process.") (citations omitted). Because petitioner is challenging his detention rather than any of the three actions listed above, 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip this court of jurisdiction.

**B. <u>Petitioner Is Entitled to Relief Under *Zadvydas*</u>**

Petitioner argues his indefinite detention violates 8 U.S.C. § 1231(a) under *Zadvydas* because he has been detained for over six months and there is no significant likelihood of his removal in the foreseeable future. Pet. at 12-13.

In *Zadvydas*, the Supreme Court examined whether 8 U.S.C. § 1231(a)(6) authorizes the indefinite detention of noncitizens subject to a final order of removal beyond the initial 90-day removal period. 533 U.S. at 682. The Court recognized that a statute that permitted the indefinite detention of a non-citizen "would raise serious constitutional concerns," and so held the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 682, 689. The Court found a six-month period of detention is presumptively reasonable. *Id.* at 701; *see also Abramian v. Bondi*, 820 F. Supp. 3d 1050, 1057 (C.D. Cal. 2026); *Zhao v. Kelly*, 2017 WL 1591818, at *2 (C.D. Cal. Apr. 27, 2017). "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the Government to provide evidence to rebut that showing. *Zadvydas*, 533 U.S. at 701. Thus, if a noncitizen establishes there is no significant likelihood of removal in the foreseeable future and the government fails to rebut this showing, the noncitizen should be released on appropriate terms of supervision. *Id*. at 699-700.

First, there appears to be no dispute that petitioner's post-removal detention exceeds six months. Petitioner has been detained since approximately September 2025, over a year. *See* Pet. at 12. Second, petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

future." *Zadvydas*, 533 U.S. at 701. Petitioner has been detained for over a year despite there being a final order of removal in place. It appears a prior withholding of removal order prohibits petitioner's removal to Mexico. *See* Pet. at 16; Answer, Ex. 1. Respondents do not address petitioner's claims and have offered no evidence to rebut petitioner's showing.

Accordingly, habeas relief is warranted.

**C. <u>Petitioner's Remaining Claim</u>**

Petitioner also argues that his detention violates his right to procedural due process under the Fifth Amendment. Pet. at 13. Because the court has already concluded that petitioner is entitled to release on his indefinite detention claim, it need not address petitioner's remaining claim.

## IV.

## <u>ORDER</u>

IT IS THEREFORE ORDERED that: (1) Judgment will be entered granting the Petition; (2) respondents shall immediately release petitioner Jose Victor Estrada Cruz (A# 078-019-532) from immigration custody; and (3) respondents shall file a status report no later than **November 6, 2026,** confirming that petitioner has been released from respondents' custody.

Dated: November 3, 2026

SHERI PYM
United States Magistrate Judge